Robbie BARCLAY, Appellant,

v.

Bobby P. SHEARIN, Warden; Dennis M. Callahan, New Warden; FCI Loretto Medical Staff; John Ashcroft, United States Attorney General; Kathleen Hawk Sawyer, Bop Director; M.E. Ray, Bop Nero Director; Gail Williams, Associate Warden of Operations; Jack Herron, Associate Warden of Programs; Jeffrey Gerald Trimbath, Health Service Administrator; Dr. Leonard, Staff Physician and Clinical Director; Dr. J. Shim Md, Staff Physician and (Acting) Clinical Director; Traci Lynn Tyger, Physician's Assistant; Todd Negola, Phd, Chief Psychologist; David John Knox, Correctional Captain; B. Stahl, Correctional (SIS) Lieutenant; Don Sawnson, Correctional Unit Manager; Cathy Collins, Correctional Case Manager.

No. 03–1976.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 12, 2003.

Decided Jan. 7, 2004.

Robbie Barclay, pro se, Pollock, LA, for Appellant.

Bonnie R. Schlueter, Office of United States Attorney, Pittsburgh, PA, for Appellees.

Before SLOVITER, ROTH and AMBRO, Circuit Judges.

## OPINION

PER CURIAM.

Robbie Barclay appeals the District Court's order granting appellees' motion for summary judgment. In December 2001, Barclay filed a § 2241 petition which was later converted to a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The procedural history of this case and the details of appellant's claims are well-known to the parties, set forth in the District Court's opinion, and need not be discussed at length. In short, Barclay alleged that the appellees were deliberately indifferent to his serious medical needs, verbally threatened him in retaliation for filing grievances, denied him equal protection and conspired against him. The Magistrate Judge recommended that appellees' motion for summary judgment be granted. The District Court adopted the Report and Recommendation and entered judgment for the appellees. Barclay filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. § 1291. Barclay has also filed a motion for the appointment of counsel.

We exercise plenary review over the District Court's order granting appellees' motion for summary judgment. *Gallo v. City of Philadelphia,* 161 F.3d 217, 221 (3d Cir.1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. *See Coolspring Stone Supply, Inc. v. American States Life Ins. Co.,* 10 F.3d 144, 146 (3d Cir.1993). In order to state a claim under the Eighth Amendment for denial of medical care, Barclay must show that the appellees were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A medical need is serious if it is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Correctional Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987).

Appellees were entitled to summary judgment because Barclay did not produce any evidence rebutting appellees' proof that Barclay has no serious medical needs that have gone untreated. Barclay's medical records show that the enlarged node in his neck has not been diagnosed as a serious medical condition. His records further show that he has been twice tested for HIV since his incarceration in 1999 and that both tests were negative. Barclay's unsupported belief that he has HIV and his conclusory, speculative assertions that these test results are fraudulent is not sufficient to create a genuine factual dispute regarding his HIV status. We agree with the District Court that appellees were entitled to summary judgment on Barclay's claims of threats and retaliation, conspiracy, and denial of equal protection.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will sum-

marily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6. Barclay's motion for the appointment of counsel is denied.